IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE ALBERT SMITH,

    Plaintiff,

vs.                                                        Case No. 4:06cv98-SPM/WCS

LEONA COLLINS, et al.,

    Defendants.

    _____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding *pro se*, has submitted a civil rights complaint, doc. 1, and an *in forma pauperis* motion, doc. 2.  Plaintiff's prior actions have been reviewed to determine whether Plaintiff is entitled to *in forma pauperis* status.

    Plaintiff has initiated quite a number of civil cases, several of which have been dismissed for failure to comply with court orders.  See cases 5:02cv20, 5:02cv21, 5:02cv23, 5:02cv40, 5:02cv41, 5:02cv42, 5:02cv45.  Several other cases were similarly dismissed for failure to prosecute.  See cases 8:98cv304, 5:93cv167, and 5:93cv251.  Plaintiff also has had three cases dismissed for reasons which count as "strikes" under the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(g).  In case 5:02cv43,

Plaintiff was denied *in forma pauperis* status and his case was dismissed for being frivolous, and for submitting a false complaint form which did not properly list all prior cases.[1]  In case 5:02cv22, the complaint was similarly dismissed for Plaintiff's abuse of the judicial process because he did not properly account for all his prior cases.  In a third case, number 5:02cv44, the complaint was likewise dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  Those three dismissals preclude Plaintiff from being granted *in forma pauperis* status in this case.  Accordingly, because Plaintiff is not entitled to *in forma pauperis* status pursuant to § 1915(g),[2] his motion for leave to proceed *in forma pauperis*, doc. 2, must be denied.

Plaintiff's claims in this case do not bring him within the "imminent danger of serious physical injury" exception to the *in forma pauperis* bar of 28 U.S.C. § 1915(g).  Thus, Plaintiff's case must be dismissed.  The dismissal should be without prejudice to him making the same allegations in a complaint for which he pays the full $250.00 filing fee at the time of filing the complaint.  *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

---

[1] A dismissal for failing to disclose all prior cases stands is the same as having a case dismissed for abuse of the judicial process and counts as a "strike" under 28 U.S.C. § 1915(e)(2)(B)(i).

[2] That statute provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and that Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on March 6, 2006.

  s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**